IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BANK OF CAMDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:13-CV-21 (MTT) |
| ) | |
| STATE BANK AND TRUST COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the Court on the Plaintiff's motion to compel production of unredacted documents (Doc. 36) and the Defendant's motion to strike the Plaintiff's rebuttal expert witness (Doc. 35). For the following reasons, the Plaintiff's motion is **DENIED**, and the Defendant's motion is **GRANTED in part** and **DENIED in part**.

On September 27, 2013, Defendant State Bank and Trust Company produced over 8000 pages of unredacted documents to Plaintiff Bank of Camden. State Bank subsequently provided Bank of Camden with a privilege log on October 24. In response, Bank of Camden's counsel asked State Bank's counsel whether they had intended to produce particular documents. State Bank's counsel confirmed that same day, October 31, that unredacted versions of a few documents were inadvertently produced. State Bank requested that Bank of Camden return the documents and destroy any copies. State Bank also stated it would send Bank of Camden copies of the redacted versions of those documents instead.

On November 4, 2013, State Bank sent the redacted versions of the documents to Bank of Camden and again requested that Bank of Camden destroy any copies of

the prior versions. On November 13, Bank of Camden produced the rebuttal expert report of Richard Gaudet to State Bank. On November 15, State Bank informed Bank of Camden that it had reviewed Gaudet's report and found that the report quoted the unredacted version of a document that should have been destroyed. State Bank requested that Bank of Camden confirm Gaudet and any other agents of Bank of Camden destroy the unredacted versions and that Bank of Camden amend Gaudet's report to omit reference to the redacted portion of the document at issue.

On November 18, one of Bank of Camden's counsel emailed State Bank and stated, "We will correct and confirm that the inadvertently produced privileged documents were destroyed." (Doc. 41-4 at 2). However, the following day another Bank of Camden attorney stated in an email to State Bank, "[W]e don't understand why you are taking the position that any portion of the document should be redacted. Before we can agree to your request, we need to understand the basis upon which you rely for asserting some sort of privilege or basis for redacting a portion of page SBT 05139. If you could explain this it would help us determine if we can agree to your request." (Doc. 41-5 at 2). State Bank replied that the basis for the asserted privilege had already been provided in the privilege log but also elaborated on why it believed the redacted portions were privileged. Citing Fed. R. Civ. P. 26(b)(5)(B), the email further stated, "If you disagree with our destruction request, you are required to take the matter to the Court before attempting to use the information for any purpose." (Doc. 41-6 at 2).

On December 20, 2013, Bank of Camden filed its motion to compel, claiming State Bank's redaction of documents SBT 05139 and SBT 01538-01547 was inappropriate.[1]

Bank of Camden now moves the Court to compel State Bank to produce the redacted portions of the documents at issue because Bank of Camden believes no portion of the documents is work product or subject to an attorney-client privilege. While State Bank argues the documents are subject to privilege, it also contends that Bank of Camden is not entitled to production because it acted in violation of Rule 26(b)(5)(B). In addition to Bank of Camden's actions described above, State Bank alleges Bank of Camden used the unredacted versions of the documents to prepare for depositions, tendered those documents into evidence at the deposition of a State Bank witness, and used information from the unredacted portions to question that witness. Bank of Camden failed to respond to the allegations that it violated Rule 26(b)(5)(B) and, instead, merely asserts that its motion to restrict the documents remedied any inadvertent disclosure. (Doc. 45 at 10 n.7).

Rule 26(b)(5)(B) permits a party who inadvertently produces discovery which "is subject to a claim of privilege or of protection as trial-preparation material" to "notify any party that received the information of the claim and the basis for it." Fed. R. Civ. P. 26(b)(5)(B). Once a party is placed on notice that it has received discovery subject to a claim of privilege, that party must:

---

[1] Compounding its misteps, Bank of Camden filed the unredacted versions of the documents on the docket rather than under seal. In response to State Bank's request to remove the unredacted versions from the docket, Bank of Camden advised State Bank on January 10, 2014 that it would withdraw those documents. Bank of Camden did not move to restrict the documents from public viewing until January 30.

> promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.

*Id*. "Rule 26(b)(5)(B) does not address whether the privilege or protection that is asserted after production was waived by the production" but instead "provides a procedure for presenting and addressing these issues." Fed. R. Civ. P. 26(b)(5) advisory committee's note (2006).

Bank of Camden offers no excuse or justification for disregarding the requirements of Rule 26(b)(5)(B). Even if the documents were not privileged or no longer privileged because of a waiver, as Bank of Camden argues, these arguments are irrelevant to whether Bank of Camden has complied with Rule 26(b)(5)(B). "The rule does not require an actual finding of privilege in order for compliance with its terms[,]" nor does the rule "provide for the non-asserting party to make the determination on its own." *Piasa Commercial Interiors, Inc. v. J.P. Murray Co.*, 2010 WL 1241563, at *2 (S.D. Ill.). Although Bank of Camden properly filed a motion to compel for the Court to determine whether the documents were privileged, Bank of Camden blatantly violated Rule 26(b)(5)(B) in the interim by providing the unredacted documents to its expert witness, using them in a deposition, and filing them on the public docket. Accordingly, Bank of Camden's motion to compel is **DENIED**, and Bank of Camden is barred from further use of the unredacted versions of the documents.

Also before the court is State Bank's motion to strike the expert report of Gaudet because State Bank claims that Gaudet is not truly a rebuttal witness to State Bank's expert witness, Angela Holguin. Holguin's report addressed three limited issues

focusing on whether the Parties engaged in commercially reasonable banking practices under Georgia law.  State Bank contends Gaudet's report exceeds the subject matter of Holguin's report by looking outside of Georgia's standard banking practices to the purported contractual obligations of the Parties under the participation agreement and shared loss agreement.  State Bank also contends Gaudet's report sets forth a new theory of damages while Holguin's report had nothing to do with the valuation of the property or calculation of damages.  Both Gaudet and Bank of Camden deny that Gaudet intends to express any opinion about damages, and thus that issue is moot.[2]

State Bank makes a strong argument that Gaudet, in some respects, strays beyond the proper boundaries of a rebuttal expert witness.  However, it is not necessary at this time to explore the nooks and crannies of Gaudet's opinions to determine whether or where he crosses that line.  For now, it is sufficient to state that Gaudet will only testify in the rebuttal portion of Bank of Camden's case.  By that point, Holguin will have testified, and it will be easy enough to determine the scope of Gaudet's testimony.

In sum, because Gaudet will not express any opinions on the amount of Bank of Camden's alleged damages, the motion to strike is **MOOT** in that regard; the remainder of the motion is **DENIED** subject to the Court's determination, prior to Gaudet's testimony in the rebuttal portion of Bank of Camden's case, regarding the scope of his rebuttal testimony.  Further, Gaudet's report shall be amended so that it does not cite or quote the unredacted versions of documents SBT 05139 and SBT 05138-01547.

---

[2] In any event, it is doubtful that the two financial scenarios offered by Gaudet would be admissible evidence of damages.

**SO ORDERED**, this the 13th day of March, 2014.

                                              <u>S/ Marc T. Treadwell</u>
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT